991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald TYLER, Defendant-Appellant.
 No. 92-5696.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1993.
 
 Before MARTIN, MILBURN and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Ronald Tyler, appeals his conviction as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Finding defendant's arguments to lack merit, we affirm his conviction.
 
 I.
 
 2
 On March 19, 1991, Memphis Police Officer Stephen Comella was responding to a report of a shooting when he observed defendant and another individual standing under a street light. When Officer Comella approached the two men, they both ran. The officer testified at trial that defendant appeared to be "concealing something" while he was running. Two other individuals present in the area began to run as well. Officer Comella chased defendant into an alley, and then lost sight of him. Using a trained dog, he located defendant behind a doghouse.
 
 
 3
 A second police officer testified that he arrived on the scene in time to observe defendant running through the back yard, carrying an object that fell to the ground. Shortly thereafter, Comella and the second officer returned to the location where defendant was seen dropping the object and found a pistol. A third police officer testified that he followed Officer Comella to the scene, and that he saw defendant carrying "what appeared to be a pistol," which defendant then tucked into his clothing.
 
 
 4
 Tyler was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).[1] The government requested a sentence enhancement under 18 U.S.C. § 924(e).[2] A jury found defendant guilty of the § 922 charge, and the district court sentenced him to 188 months of imprisonment. This timely appeal followed.
 
 II.
 
 5
 Defendant's first argument on appeal is that the district court erroneously rejected his attempts to prevent all but one previous felony conviction from being introduced at trial. Defendant's reasoning is that in order to convict him of the § 922(g) charge, the government must prove only one prior felony conviction. While defendant recognizes that a § 924(e) enhancement requires proof of three predicate felony convictions, he argues that proof of these convictions is admissible only at sentencing.
 
 
 6
 In United States v. Ford, 872 F.2d 1231 (6th Cir.1989), cert. denied, 495 U.S. 918 (1990), this court permitted the introduction of six previous felony convictions against a defendant charged with violating § 922(g). The court there rejected the identical argument made by defendant in this appeal. Id. at 1237-38. Given this circuit's holding in Ford, as well as the fact that defendant cites no relevant case law in support of his position, we affirm the district court's admission of two prior convictions.
 
 III.
 
 7
 Defendant next argues that the district court erroneously instructed the jury. He bases this argument upon the following portion of the district court's instruction:
 
 
 8
 Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the Government has proved this defendant--Tyler--guilty as charged.
 
 
 9
 Defendant objected to this instruction, arguing that it destroyed his defense that one of the other individuals present at the scene possessed and dropped the gun. The district court overruled the objection.
 
 
 10
 This court reviews the sufficiency of jury instructions according to the following standard: "whether the instructions, viewed in the context of the overall charge, were sufficiently clear to ensure that the jury understood the relevant legal standards for each element of the offense." United States v. Easley, 942 F.2d 405, 411 (6th Cir.1991).
 
 
 11
 While the contested passage in the court's instructions may appear misleading when viewed in isolation, when we consider it in the context of the entire instructions and the trial itself, we find that the instructions as a whole accurately conveyed to the jury all of the elements of the charged offense. Defendant claims that his defense was that another individual possessed and dropped the gun; however, defendant's evidence tended only to show that he was not in possession of a gun. Defendant apparently hoped the jury would conclude that some unnamed individual must have possessed the gun. Under such circumstances, we cannot conclude that the district court committed reversible error.
 
 IV.
 
 12
 Finally, defendant contends that there was insufficient evidence to sustain his conviction. However, after a careful review of the evidence, we conclude that there was sufficient evidence from which a jury could find him guilty beyond a reasonable doubt.
 
 
 13
 For the foregoing reasons, the judgment of conviction is affirmed.
 
 
 
 [1]
 18 U.S.C. § 922(g) provides:
 It shall be unlawful for any person--
 (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
 * * *
 to ... possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
 
 
 [2]
 18 U.S.C. § 924(e)(1) provides:
 In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....